**UNITED STATES of America, Appellee,**

v.

**Pius I. EZEODO, Appellant.**

**No. 250, Docket 84–1220.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1984.

Decided Nov. 14, 1984.

Certiorari Denied Feb. 19, 1985.
See 105 S.Ct. 1218.

---

Mansfield, Circuit Judge, filed concurring opinion.

Allen Lashley, Brooklyn, N.Y., for appellant.

Kevin J. O'Brien, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y., (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Allyne R. Ross, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, and MANSFIELD and KEARSE, Circuit Judges.

FEINBERG, Chief Judge:

Pius I. Ezeodo appeals from a judgment following a jury trial in the United States District Court for the Eastern District of New York before Leonard D. Wexler, J., convicting appellant of four counts pertaining to importation and distribution of illegal drugs, and bribery of a customs official. Appellant claims he was prejudiced by the improper transfer of his trial from Brooklyn to Uniondale, Long Island, some 30 miles away.

Appellant's crimes were committed largely in and around Kennedy Airport, in Queens County. His case was assigned to Brooklyn, apparently because under Rule 1.(c)(1) of the Eastern District Rules for the Division of Business Among District Judges it did not qualify as a "Long Island case." Appellant was indicted and arraigned in Brooklyn, and Judge Wexler set the case for trial in Brooklyn. In November 1983, however, the judge advised the parties that the trial would be held in Uniondale, apparently the judge's official station. He noted that although he was in the "Brooklyn criminal wheel" for assignment of cases, coming to Brooklyn was a problem. If the trial for some reason did not materialize, by the time he got back to Uniondale the day was lost and his effectiveness impaired.

Both appellant's residence and his attorney's office were in Brooklyn, and appellant's counsel objected at the time to changing the place of trial to Uniondale. The judge invited him to make a motion to that effect, but he did not do so. Appellant now argues that the judge abused his discretion by transferring the trial solely for his own convenience and that this violated Rule 18 of the Federal Rules of Criminal Procedure and the Eastern District Rules for Division of Business among District Judges. For the reasons stated below, we affirm the judgment of the district court.

■ Rule 18 does not mandate that a trial be held in any particular location within a federal district. Indeed, the 1966 amendments to the Rule eliminated that very requirement. However, the Rule does provide that "The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." Appellant relies on *United States v. Fernandez*, 480 F.2d 726 (2d Cir.1973), which questioned the propriety under Rule 18 of selecting a trial site solely for the judge's convenience. The government ar-

gues to us, however, that the judge made clear on the record that the transfer here was not "solely for [his] convenience," but was done for reasons affecting the "prompt administration of justice." However, in *Fernandez*, the opinion went on to note that reversal might have been warranted *"if defendant had been able to show any prejudice."* 480 F.2d at 730 (emphasis added). Therefore, we need not consider the government's argument because appellant failed to submit any evidence of hardship or prejudice, such as the inability to bring specific witnesses to Uniondale or to confer with his attorney. Absent such a showing, we cannot say the transfer violated his rights under Rule 18.

With regard to the Eastern District Rules, Rule 1.(c)(1) provides that:

A criminal case shall be designated as "Long Island case" if the crime was allegedly committed in whole or substantial part in the counties of Nassau or Suffolk.

Rule 1.(c)(3) provides, in language similar to that quoted above from Rule 18:

A party may move to designate a case as a Long Island case, or to annul such a designation, on a showing that to do so will serve the convenience of the parties and witnesses, or is in the interest of justice.

Rule 4.(b) provides:

Within twenty (20) days after the original assignment, any party may serve and file with the chief judge a written request to review the clerk's designation of, or failure to designate, a "Long Island Case." After consultation with the judge to whom the case was assigned, the chief judge shall review and determine the propriety of the designation. If the designation is changed, then the clerk shall reassign the case in accordance with the determination of the chief judge.

The Rules thus provide procedures for designation of cases, and for appeals of such designation, but do not specify that a case *must* be tried in its place of designation. It seems to be a reasonable assumption that jury selection and trial would be in the place of designation, but the Rules as presently written appear to leave this to the judge's discretion. The problem in this case is a function of this lack of specificity in the Rules. Appellant challenges not the clerk's designation of the case, with which he apparently agrees, but rather the judge's decision thereafter to try the case in Long Island. There is, of course, a serious question whether local rules such as these, which are established largely for housekeeping purposes, create rights enforceable by a defendant or other party, *United States v. Torbert*, 496 F.2d 154 (9th Cir.1974), *cert. denied*, 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974), although the Eastern District Rules certainly contemplate such enforcement. But whatever the extent of appellant's rights under the local rules as presently drafted, in order to prevail appellant still had to make a showing of prejudice, similar to that required by Rule 18. This he has failed to do.

■ Appellant also claims that because he is a black Nigerian, the transfer to Uniondale for trial "before an all white jury" violated his Sixth Amendment right to an impartial jury, since the jury pool in Uniondale did not represent a "fair cross section," 28 U.S.C. § 1861, of appellant's community. However, appellant did not raise this issue at trial, and thus failed to create a record that could form the basis for a claim of prejudice. He submitted neither evidence nor an offer of proof regarding the characteristics of the Brooklyn and Uniondale jury pools. Absent evidence of prejudice, we find no ground for reversal.

We nonetheless note our concern about the problem raised by this appeal regarding the assignment of criminal cases and selection of trial sites in the Eastern District. While this appellant failed to make a showing of prejudice, a future defendant might do so, particularly in light of the probable differences in racial composition between the two communities. We suggest that the matter be carefully reviewed by the East-

ern District judges in order to prevent any such occurrence.

The judgment of the district court is affirmed.

MANSFIELD, Circuit Judge (concurring):

I concur in Chief Judge Feinberg's characteristically thoughtful opinion. However, I would add a note of warning regarding the risks that appear to be inherent in the Eastern District's method of assigning "Brooklyn" criminal cases to Uniondale-based judges.

The trial of the present "Brooklyn" criminal case before a Uniondale-based judge in Uniondale rather than in Brooklyn required the defendant to make a round trip of 60 miles a day to be tried before a jury selected from a panel claimed to have fewer black persons on it than would have been present had the case been tried in Brooklyn. The inconvenience and potential prejudice to the defendant were excused by the trial judge on the ground that trial in Uniondale would secure the prompt and efficient administration of justice by saving needless travel time on the part of the Uniondale-based judge. However, at oral argument it was disclosed that while some "Brooklyn" criminal cases are assigned to Uniondale judges (such as the present case assigned to Judge Wexler) simultaneously a substantial number of "Long Island" civil cases are assigned to Brooklyn judges, who then hear them in Brooklyn (or occasionally Uniondale). This raises the question of whether, if there is such an abundance of "Long Island" cases, the prompt and efficient administration of justice would not be furthered by having the Uniondale judges preside over the "Long Island" cases rather than hear "Brooklyn" criminal cases. If there are sufficient "Long Island" cases available to keep a Uniondale judge busy, I find it difficult to escape the conclusion that when a Uniondale judge is assigned a "Brooklyn" criminal case and transfers the trial of that case from Brooklyn to Uniondale, it has (perhaps understandably) been done for the judge's convenience only. *See*

*United States v. Fernandez*, 480 F.2d 726, 730 (2d Cir.1973). The risk, of course, is that if such a trial caused demonstrable prejudice to a defendant, a conviction would have to be vacated.